## In re NEWPORT PLAZA ASSOCIATES, L.P., Debtor.

## NEWPORT PLAZA ASSOCIATES, L.P., Plaintiff,

v.

## DURFEE ATTLEBORO BANK, Defendant.

Bankruptcy No. 90–10378.

Adv. No. 90–1041.

United States Bankruptcy Court, D. Rhode Island.

July 18, 1991.

Robert S. Bruzzi, Providence, R.I., for debtor/plaintiff.

Michael R. McElroy, Schacht & McElroy, Providence, R.I., for defendant.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court, on briefs, is the defendant, Durfee Attleboro Bank's Motion for Summary Judgment. Based upon the applicable law, and because there is no genuine issue of material fact to be tried, the Motion for Summary Judgment is GRANTED.

The undisputed facts are as follows: On February 8, 1988, Newport Plaza Associates executed and delivered to the Bank a promissory note in the amount of $2,200,-000, secured by a mortgage on real estate. The parties also entered into a loan agreement to fund the construction of the sub-

ject project which is located on J.T. Connell Road, in Newport, Rhode Island. On November 10, 1988, after months of quarreling, charges, and counter-charges between Newport and the general contractor, DRL, Inc., Newport terminated DRL as the general contractor, all work on the project stopped, and the loan went into default. Thereafter, mechanics' liens were placed on the property by DRL and a number of unpaid subcontractors. On November 1, 1989, the parties negotiated a new written agreement wherein the Bank agreed to accept $881,000 in full payment of Newport's original obligation, and to waive its claim for the balance of approximately $500,000, *if* payment of the $881,000 was made in full on or before February 1, 1990. Newport failed to make the required payment, or any part of it.

The Debtor now argues that on December 20, 1988, the Bank had orally agreed to resume financing the project if Newport "satisfied certain conditions within a reasonable time." Newport maintains that it satisfied those conditions, as required, sometime during March 1989, but that the Bank reneged on its promise to resume financing, and that as a result, Newport sustained the damages sought in this adversary proceeding. Newport argues that the November 1, 1989 agreement did not extinguish or impair its claim against the Bank for breach of the alleged December 20, 1988 oral agreement, while the Bank maintains that said agreement did indeed extinguish any such prior Newport claims. We conclude that the relevant contract law, as applied to the instant facts, supports the Bank's position. *See, e.g., Wigton v. Rosenthall,* 747 F.Supp. 247 (S.D.N.Y.1990); *Salo Landscape & Construction Co., Inc. v. Liberty Electric Company,* 119 R.I. 269, 376 A.2d 1379 (1977).

 In our view, the November 1, 1989 written agreement is an accord. "An accord is a contract under which an obligee [here, the bank] promises to accept a stated performance in satisfaction of the obligor's [Newport's] existing duty." Restatement

(Second) of Contracts § 281 (1981), *see also* Farnsworth, *Contracts* § 4.24, p. 285 (1982). Under the November 1, 1989 agreement the Bank agreed, inter alia, to discharge Newport's obligation to pay $1,381,000, on the condition that Newport pay $881,000 to the Bank on or before February 1, 1990. If the conditions of the accord were satisfied by Newport, its original obligation under the February 8, 1988 promissory note would have been discharged. However, because Newport failed to satisfy the conditions of the accord, the Bank now has the option to enforce either Newport's original obligation under the February 1988 promissory note, or whatever obligations were assumed by Newport under the accord. *See generally* Farnsworth, *Contracts* § 424, at 285 (1982) ("If satisfaction is not forthcoming when it is due, the obligee has a choice. He may enforce either the original duty or the accord"); 15 S. Williston, *Williston* at 532–34 (3d ed. 1972).

Significantly, the November 1, 1989 agreement provides explicitly that "the $2,200,000 note dated February 8, 1988 remains in default ..." and that the Bank will not "allow restarting of the project." This agreement and accord superseded any prior agreement whereby the Bank was to restart financing. *Wigton v. Rosenthall,* 747 F.Supp. 247, 249 (S.D.N.Y.1990). In short, the November 1, 1989 agreement created new contractual obligations between the parties and replaced the alleged December 20, 1988 oral agreement, even if its existence were not disputed.[1] Accordingly, we hold that Newport's Second Amended Complaint fails as a matter of law.

Enter Judgment consistent with this opinion.

---

**1.** Although it is irrelevant to our decision herein, the Debtor has not established either: (1) the existence of the alleged December 20, 1988 agreement, or (2) the Debtor's performance of its obligations thereunder.